IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PETER A. SARRACINO,**

    **Petitioner,**

**v.**                                                       **No. 15-cv-1018 MCA/SMV**

**CHUCK MAIORANA,[1]**

    **Respondent.**

## ORDER TO ANSWER

THIS MATTER is before the Court sua sponte. On January 12, 2016, the Court issued a Memorandum Opinion and Order [Doc. 4] informing Petitioner Peter A. Sarracino that the Court intended to recharacterize his Request to Take Judicial Notice, Fed. Evid. R. 201(c)(2) [Doc. 1], in relevant part, as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to *Castro v. United States*, the Court granted Petitioner 30 days "to withdraw the motion or to amend it so that it contains all the [§ 2254] claims he believes he has." 540 U.S. 375, 383 (2003); *see Clark v. Bruce*, 159 F. App'x 853, 856 (10th Cir. 2005) (applying the *Castro* rule to the recharacterization of § 2254 petitions because "[s]ection 2244(b) imposes strict limitations on the rights of litigants to file second or successive § 2254 habeas petitions"). Petitioner has failed to

---

[1] Defendant Pueblo of Laguna was dismissed as a party in this action pursuant to the Court's Memorandum Opinion and Order, filed on January 12, 2016. [Doc. 4]. To the extent that Petitioner's Request to Take Judicial Notice, Fed. Evid. R. 201(c)(2) challenged Petitioner's federal conviction in *United States v. Sarracino*, 95-cr-0210-MCA, the Court recharacterized Petitioner's pleading as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and dismissed it for lack of jurisdiction because it was "second or successive." [Doc. 4]. Because Petitioner's § 2255 motion has been dismissed, the United States is no longer a party to this civil action. The caption is amended accordingly. As explained *infra*, the caption is further amended to list Chuck Maiorana as the sole Respondent.

respond to the Court's Memorandum Opinion and Order, and therefore, the Court will recharacterize his Request to Take Judicial Notice, Fed. Evid. R. 201(c)(2) [Doc. 1] as a § 2254 petition.

The Court has reviewed the § 2254 petition pursuant to Rules 1 and 4 of the Rules Governing Section 2254 Cases in the United States District Courts and has determined that it is not subject to summary dismissal. Petitioner has named the Thirteenth Judicial District as the Respondent in this civil action. However, under the federal habeas statutes, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *see also* Rule 2 of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Petitioner currently is being held at the United States Penitentiary Canaan, where Chuck Maiorana is the warden. Therefore, the Court will substitute Warden Maiorana as the sole named Respondent.

**IT IS THEREFORE ORDERED** that Petitioner's Request to Take Judicial Notice, Fed. Evid. R. 201(c)(2) [Doc. 1], is recharacterized as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that the Clerk substitute Chuck Maiorana, warden of the United States Penitentiary Canaan, as the sole named Respondent in this matter.

**IT IS FURTHER ORDERED** that the Clerk forward copies of this Order and the § 2254 petition [Doc. 1] to Respondent Maiorana and the New Mexico Attorney General.

**IT IS FURTHER ORDERED** that Respondent answer said petition [Doc. 1] no later than **March 30, 2016**.  Respondent's answer shall advise, but is not limited to, whether Petitioner has exhausted his state remedies as to the issues raised in the federal petition.   Respondent shall attach to its answer copies of any filing pertinent to the issue of exhaustion that was filed by Petitioner in the sentencing court, the state district court, the state court of appeals, and the state supreme court, together with copies of all memoranda filed by both parties in support of or in response to those filings.  Respondent shall also attach to the answer copies of all state court findings and conclusions, docketing statements, and opinions issued in Petitioner's state court post-conviction or appellate proceedings.  The answer must describe the procedural history of each claim that Respondent contends is unexhausted and identify the State procedures that are currently available to Petitioner.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**